UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

                           Plaintiff,

        v.

MARY ELLEN BELDING, et al.,

                           Defendants.
_____

DECISION & ORDER

16-CV-6559P

## PRELIMINARY STATEMENT

On August 9, 2016, plaintiff Travelers Casualty and Surety Company of America ("Travelers") commenced this action against defendants Mary Ellen Belding, Jon R. Belding, and Structural Remediation Services, Inc. ("SRS") seeking to recover under an indemnity agreement executed by defendants in favor of Travelers. (Docket # 1). Currently before the Court is Travelers' unopposed motion for summary judgment. (Docket # 15). For the following reasons, the motion is granted.

## FACTUAL BACKGROUND

The following facts are undisputed.[1] On December 30, 2016, in consideration for Travelers' agreement to issue surety bonds on behalf of SRS in connection with certain

---

[1] In compliance with Rule 56(a)(1) of the Local Rules of Civil Procedure for the Western District of New York, Travelers filed a Statement identifying undisputed material facts. (Docket # 15-1). Defendants have not filed an opposing statement, and the Court thus considers Travelers' Rule 56 Statement undisputed. *See* W.D.N.Y. L.R. Civ. P. 56(a)(2) ("[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for the purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement").

construction projects ("the Bonded Projects"), Mary Ellen Belding, Jon Belding and SRS (by Mary Ellen Belding) executed a General Agreement of Indemnity (the "Indemnity Agreement"). (Docket ## 15-1 at ¶ 1; 15-4). The terms of the Indemnity Agreement provide that the "Indemnitors shall exonerate, indemnify and save [Travelers] harmless from and against all Loss" and that "[a]n itemized, sworn statement by an employee of [Travelers], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability." (Docket ## 15-1 at ¶ 2; 15-4 at ¶ 3). Loss is defined in the Agreement to mean:

> All loss and expense of any kind or nature, including attorneys' and other professional fees, which [Travelers] incurs in connection with any Bond or this Agreement, including, but not limited to all loss and expense incurred by reason of [Travelers']: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

(Docket ## 15-1 at ¶ 3; 15-4 at ¶ 1). Following defendants' execution of the Indemnification Agreement, Travelers issued four surety bonds on behalf of SRS – three public construction payment bonds and one union benefits bond. (Docket ## 15-1 at ¶¶ 4-5; 15-5).

Travelers has submitted a sworn affidavit of Barbara A. Check, a Bond Claim Executive employed in Travelers' Recovery Management Unit, affirming that Travelers paid bond claims totaling $450,747.63 to various subcontractors, suppliers, and laborers of SRS on Bonded Projects. (Docket # 15-3 at ¶¶ 1, 15-18, 23-25). Attached to Check's affidavit is an itemized statement of the claims paid, which Check has represented is an accurate and complete list of payments made on the bonds, along with additional records of payment. (Docket ## 15-3 at ¶¶ 16, 23; 15-6; 15-7). According to Check's affidavit, Travelers also paid $15,099.20 in fees

2

to a surety claims construction consulting firm, Loewke & Brill Consulting Group, retained by Travelers to assist in the investigation of claims on the bonds, and $20,511.20 in fees to its attorneys in this lawsuit. (Docket # 15-3 at ¶¶ 19-23). Records reflecting payments made to the consulting firm and to Travelers' attorneys are attached to Check's affidavit. (*See* Docket ## 15-8; 15-9). Defendants have not reimbursed Travelers for any of these payments or fees. (Docket ## 15-3 at ¶¶ 24-25; 15-1 at ¶¶ 7-12; 1 at ¶¶ 17, 26; 7 at ¶¶ 17, 26).

On August 9, 2016, Travelers filed the pending Complaint seeking reimbursement of bond payments, fees and expenses from SRS as principal on the bonds and from all defendants as Indemnitors pursuant to the terms of the Indemnity Agreement. (Docket # 1). On March 8, 2017, Travelers filed the instant motion for summary judgment seeking judgment against the defendants on its claim that they breached the Indemnity Agreement. (*See* Docket # 15-2 at 4). Travelers seeks judgment in the amount of $465,846.85, consisting of $450,747.63 in claim payments and $15,099.20 in consulting fee payments. (Docket # 15). It also seeks judgment for attorneys' fees, the amount to be determined at an inquest. (*Id.*).

Despite the issuance of scheduling orders setting deadlines for defendants to respond to Travelers' summary judgment motion (Docket ## 16, 23), defendants have not opposed the motion. Indeed, counsel for defendants represented in a letter to this Court dated July 31, 2017, that defendants "have not submitted opposing paper nor do they intend to contest Travelers' motion." (Docket # 27). Two days later, counsel for Travelers submitted a proposed Order and Judgment that was reviewed and consented to by counsel for defendants. (Docket # 28).

**DISCUSSION**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this determination, the court must assess whether there are any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991). A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d at 97.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the non-moving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 502 U.S. 849 (1991). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

4

As the Second Circuit has explained:

> [T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution. . . . [I]t must be kept in mind that only by reference to the substantive law can it be determined whether a disputed fact is material to the resolution of the dispute.

*Gallo v. Prudential Residential Serv., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

A party's failure to oppose a summary judgment motion, standing alone, is not sufficient to warrant granting the motion; rather, the court must "still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Thus, in evaluating a motion for summary judgment, the court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.* at 246 (internal quotations omitted).

Under New York law,[2] an indemnity agreement is valid and enforceable. *N. Am. Specialty Ins. Co. v. Montco Constr. Co.*, 2003 WL 21383231, *5 (W.D.N.Y. 2003). Indeed, "a surety's right to indemnification for its losses and expenses under a bond has been consistently upheld in New York." *Fidelity & Deposit Co. of Md. v. Refine Constr. Co.*, 1984 WL 536, *3

---

[2] The law is well-settled that in cases arising under diversity jurisdiction, the court must apply federal procedural law and the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, in this matter, the Court must apply New York's choice of law rules. *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108-09 (1945) and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)), *cert. denied*, 526 U.S. 1065 (1999). Travelers relies upon New York law in its motion (Docket # 15-2 at 9-10), and defendants, who have not opposed the motion, do not contest its applicability. On this record, this Court will apply New York law.

(S.D.N.Y. 1984) (collecting cases). Where the terms of an indemnity agreement are unambiguous,

> the Court must give effect to the express rights and obligations of the parties contained therein and such interpretation is an issue of law that may be determined on a motion for summary judgment.

*N. Am. Specialty Ins. Co. v. Montco Constr. Co.*, 2003 WL 21383231 at *5.

The record before the Court establishes that defendants executed the Indemnity Agreement in favor of Travelers in consideration for Travelers' issuance of surety bonds on behalf of SRS. (Docket ## 1 at ¶¶ 8-11; 7 at ¶¶ 8-11; 15-1 at ¶¶ 1-5; 15-4; 15-5). The terms of the Indemnity Agreement clearly and unambiguously obligate defendants to repay Travelers for any "Loss" it sustains under the surety bonds. (Docket ## 15-1 at ¶ 2; 15-4). Specifically, paragraph 3 of the Agreement provides, "Indemnitors shall exonerate, indemnify and save [Travelers] harmless from and against all Loss." (*Id.*). "Loss" is broadly, but unambiguously, defined in the Agreement to include the payments for which Travelers seeks reimbursement on this motion – payments to subcontractors, suppliers and laborers on Bonded Projects and fees paid to investigate and litigate claims on the bonds. (Docket ## 15-1 at ¶ 3; 15-4 at ¶ 1). The record further demonstrates that Travelers has the right "in its sole discretion" to determine whether to pay any claim under the bonds (Docket # 15-4 at ¶ 4) and did pay claims on the bonds and incur covered losses, which defendants have not repaid. (Docket ## 15-3 at ¶¶ 15-25; 15-6; 15-7; 15-8; 15-9; 1 at ¶ 17; 7 at ¶ 17). Travelers has demonstrated that no material dispute exists that defendants are liable to it under the Indemnity Agreement. *See N. Am. Specialty Ins. Co.*, 2003 WL 21383231 at *7 (granting summary judgment to surety where court "finds that [defendant] breached . . . the Indemnity Agreement by failing to post collateral or otherwise exonerate and indemnify [surety] for its losses incurred as a result of issuing [b]ond "); *Fidelity*

*& Deposit Co. of Md. v. Refine Constr. Co.*, 1984 WL 536 at *4 ("there is . . . no issue of fact as to the liability of the defendants under the [indemnity] [a]greement[;] [a]ccordingly, summary judgment will be granted on the issue of liability").

The Indemnity Agreement further provides that "[a]n itemized, sworn statement by an employee of [Travelers], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability." (Docket ## 15-1; 15-4 at ¶ 3). "Such clauses [which specify that certain evidence or payments will be considered *prima facie* proof of losses] have been upheld as valid under both federal and New York law." *Fidelity & Deposit Co. of Md.*, 1984 WL 536 at *2 (citing *Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362 (6th Cir. 1968); *Standard Accident Ins. Co. v. Higgins*, 170 N.Y.S.2d 73, 75 (N.Y. Sup. Ct. 1957)). Travelers has complied with the terms of the Indemnity Agreement by submitting a sworn statement by one of its Bond Claim Executives attesting to the type and amount of losses sustained by Travelers in connection with the surety bonds issued on behalf of SRS and by submitting an itemized statement of claims paid and claim payment reports and records. (Docket ## 15-3; 15-6; 15-7; 15-8; 15-9). That evidence is adequate to establish that defendants are liable to Travelers, jointly and severally, for the sum of $465,846.85, comprised of bond payments totaling $450,747.63 and consultant fees of $15,099.20. Indeed, defendants reviewed and consented to a proposed order and judgment submitted by Travelers in that same amount. (Docket # 28). Defendants are also liable for attorneys' fees in an amount to be subsequently determined, either by stipulation between the parties or further Order of this Court. If no stipulation has been filed prior to **March 9, 2018**, Travelers shall file on or before **March 9, 2018**, affidavits establishing its calculation of attorneys' fees to be reimbursed by defendants; defendants shall respond thereto on or before **March 21, 2018**.

7

## **CONCLUSION**

For the foregoing reasons, Travelers' motion for summary judgment against defendants Mary Ellen Belding, Jon R. Belding, and Structural Remediation Services, Inc. **(Docket # 15)** is **GRANTED**. Judgment shall be awarded in favor of Travelers Casualty and Surety Company of America against defendants, jointly and severally, in the amount of $465,846.85, and for attorneys' fees in an amount to be determined by this Court upon stipulation of the parties or following further briefing.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February 9, 2018